**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **HILLTOP TECHNOLOGY LLC,** | CIVIL ACTION NO. |
| Plaintiff, | |
| v. | |
| **HANNSTAR DISPLAY CORPORATION and HANNSPREE NORTH AMERICA, INC.,** | JURY TRIAL DEMANDED |
| Defendants. | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Hilltop Technology LLC for its Complaint against HannStar Display Corporation and HANNspree North America, Inc. (collectively "HannStar" or "Defendants"), demands a trial by jury and alleges as follows:

## PARTIES

1. Plaintiff Hilltop Technology LLC is a Texas Limited Liability corporation.

2. On information and belief, Defendant HannStar Display Corporation is a Republic of Taiwan corporation with its principal place of business at 26th floor, No.1, Songzhi Road, Xinyi District, Taipei 110, Taiwan, R.O.C. On information and belief, HannStar Display Corporation is a nonresident of Texas who engages in business in this state, but does not maintain a regular place of business in this state or a designated agent for service of process in this state. On information and belief, HannStar Display Corporation resides in this jurisdiction within the meaning of 28 U.S.C. § 1400(b). This proceeding arises, in part, out of business done in this state. HannStar Display Corporation may be served with process in Taiwan pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents, Article 1, November 15, 1965 T.I.A.S. No. 6638, 20 U.S.T. 361 (U.S. Treaty 1969). HannStar Display

Corporation regularly conducts and transacts business in Texas, throughout the United States, and within the Eastern District of Texas, itself and/or through one or more subsidiaries, affiliates, business divisions, or business units.

3. On information and belief, Defendant HANNspree North America, Inc. is a Delaware corporation with its principal place of business at 4401 Eucalyptus Avenue, Suite 110, Chino, CA 91710. This Defendant has appointed Michael Peng at 4401 Eucalyptus Avenue, Suite 110, Chino, CA 91710 as its agent for service of process. On information and belief, Defendant HANNspree North America, Inc. regularly conducts and transacts business in the United States, throughout the State of Texas, and within the Eastern District of Texas, itself and/or through one or more subsidiaries, affiliates, business divisions, or business units and has committed acts of infringement within the meaning of 28 U.S.C. § 1400(b).

## JURISDICTION AND VENUE

4. This action arises under the Patent Laws of the United States, namely, 35 U.S.C. §§ 1 et seq. This Court has exclusive subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. Venue is proper in this district under 28 U.S.C. §§ 1391(b)(2) and (c) and/or 1400(b). On information and belief, HannStar has transacted business in this district, and has committed acts of patent infringement in this district, by the making, using and/or selling of devices having touchscreen devices and modules.

6. On information and belief, HannStar is subject to this Court's general and specific personal jurisdiction because: HannStar has minimum contacts within the State of Texas and the Eastern District of Texas and, pursuant to due process and/or the Texas Long Arm Statute, HannStar has purposefully availed themselves of the privileges of conducting business in the

_____
COMPLAINT FOR PATENT INFRINGEMENT - 2

State of Texas and in the Eastern District of Texas; HannStar regularly conducts and solicits business within the State of Texas and within the Eastern District of Texas; and Hilltop Technology LLC's causes of action arise directly from HannStar's business contacts and other activities in the State of Texas and in the Eastern District of Texas.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 7,864,503

7. Hilltop Technology LLC is the owner of all rights, title and interest to United States Patent No. 7,864,503 ("the '503 Patent") entitled "Capacitive Type Touch Panel." The '503 Patent was issued on January 4, 2011 after a full and fair examination by the United States Patent and Trademark Office. The application leading to the '503 Patent was filed on April 23, 2008. Attached as Exhibit "A" is a copy of the '503 Patent.

8. The '503 Patent is directed to a capacitive type touch panel having a transparent substrate having opposite top and bottom surfaces; an array of first and second conductors formed on said top surface of said transparent substrate; an array of second conductors; a plurality of spaced apart conductive first and second bridging lines.

9. On information and belief, HannStar has been and now is infringing the '503 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, importing, selling or offering to sell touch panel devices that incorporate the touch panel structure according to the '503 Patent. On information and belief, examples of HannStar products that infringe the '503 Patent include, but are not limited to, all HannStar products having a capacitive type touch panel for tablets: HSD070PFW3-B, HSD070PFW3-D, HSD070PWW1-B, HSD070PWW2-A, HSD080BXN1-A, HSD097PXN1-A, HSD100PXN1-A, HSD101PWW1-G, HSD101PWW3-B, HSD101PXN1-B and capacitive type touch panels for

mobile devices: HSD014F4N1-A, HSD018F1N9-A, HSD020F2NA-A, HSD022F2N6-A, HSD022F3N1-A, HSD023F3N1-A, HSD024F3N5-A, HSD026F3N1-A, HSD028F3N1-A, HSD028FAW1-A, HSD030FAW1-A, HSD032F3N5-A, HSD032FAW2-A, HSD035F7N1-A, HSD036FAW1-A, HSD038F7N1-A, HSD040F7N1-A, HSD040F8W1-A, HSD040F8W3-C, HSD040FAW1-A, HSD043F8W2-A, HSD043F8W3-A, HSD045F8W1-A, HSD045F8W4-C, HSD045FMW1-C, HSD045FMW2-C, HSD046F8W1-A, HSD046FAW1-A, HSD047FMW1-A, HSD050BMW2-C00-T, HSD050F8W1-A, HSD050F8W2-A, HSD050F8W5-D, HSD050FHW1-D, HSD050FMW1-C, HSD050FMW2-D, HSD053F8W1-C00, HSD055FHW1-D, HSD055FMW1-D, HSD060FHW1-D, HSD060FMW1-C and HSD064FHW1-D. HannStar is thus liable for infringement of the '503 Patent pursuant to 35 U.S.C. § 271.

10. On information and belief, the capacitive type touch screens in HannStar's accused products are known by HannStar to be especially made or especially adapted for use infringement of the '503 Patent and are not staple articles of commerce capable of substantial non-infringing uses. HannStar has thereby contributed to and contribute to the infringement of the '503 Patent.

11. On information and belief, HannStar, by it sales and/or offers for sale of the accused products to third parties, has induced and continues to induce acts by third parties that HannStar knew or should have known would constitute direct infringement of the '503 Patent. HannStar actively induced infringement of the '503 Patent by designing the accused products to be capable of infringement and by promoting and encouraging the use of its products by third parties in ways that infringe the '503 Patent.

12. As a result of HannStar's infringement of the '503 Patent, Hilltop Technology LLC has suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless HannStar's infringing activities are enjoined by this Court.

13. Unless a permanent injunction is issued enjoining HannStar and its agent, servants, employees, representatives, affiliates, and all others acting on or in active concert therewith from infringing the '503 Patent, Hilltop Technology LLC will be greatly and irreparably harmed.

## PRAYER FOR RELIEF

WHEREFORE, Hilltop Technology LLC respectfully requests that this Court enter:

A. A judgment in favor of Hilltop Technology LLC that HannStar has infringed the '503 Patent;

B. A permanent injunction enjoining HannStar and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringing the '503 Patent;

C. A judgment and order requiring HannStar to pay Hilltop Technology LLC its damages, costs, expenses, and prejudgment and post-judgment interest for HannStar's infringement of the '503 Patent as provided under 35 U.S.C. § 284;

D. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Hilltop Technology LLC its reasonable attorneys' fees; and

E. Any and all other relief to which Hilltop Technology LLC may show itself to be entitled.

## DEMAND FOR JURY TRIAL

Hilltop Technology LLC, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

_____
COMPLAINT FOR PATENT INFRINGEMENT - 5

Dated: May 5, 2014　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　By:　　*/s/ Winston O. Huff*
　　　　　　　　　　　　　　　　　　　　　Winston O. Huff, Attorney in Charge
　　　　　　　　　　　　　　　　　　　　　State Bar No. 24068745
　　　　　　　　　　　　　　　　　　　　　Deborah Jagai
　　　　　　　　　　　　　　　　　　　　　State Bar No. 24048571
　　　　　　　　　　　　　　　　　　　　　W. O. Huff & Associates, PLLC
　　　　　　　　　　　　　　　　　　　　　302 N. Market Street, Suite 450
　　　　　　　　　　　　　　　　　　　　　Dallas, TX 75202
　　　　　　　　　　　　　　　　　　　　　214.749.1220 (Firm)
　　　　　　　　　　　　　　　　　　　　　469.206.2173 (Fax)
　　　　　　　　　　　　　　　　　　　　　whuff@huffip.com
　　　　　　　　　　　　　　　　　　　　　djagai@huffip.com

　　　　　　　　　　　　　　　　　　**ATTORNEY FOR PLAINTIFF**
　　　　　　　　　　　　　　　　　　**HILLTOP TECHNOLOGY LLC**

**CERTIFICATE OF FILING**

　　I hereby certify that on May 5, 2014 I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system.

　　　　　　　　　　　　　　　　　　　　　*/s/ Winston O. Huff*
　　　　　　　　　　　　　　　　　　　　　Winston O. Huff

_____